UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LLUKAN PRENI,

      Plaintiff,           CASE NUMBER: 6:22-cv-00299-GAP-DCI

v.

WASTE PRO OF FLORIDA, INC.,

      Defendant.
_____/

**WASTE PRO OF FLORIDA, INC.'S RESPONSE TO
PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE**

Defendant, WASTE PRO OF FLORIDA, INC., by and through its counsel and pursuant to Local Rule 3.01(b). hereby responds to Plaintiff's Motion for Dismissal without Prejudice ("Motion for Dismissal").[1] In opposing Plaintiff's request that the sole sanction should be a dismissal without prejudice, Defendant shows the following:

**I.    PERTINENT BACKGROUND**

This action is one of over a hundred boilerplate lawsuits that were filed in just over 2 weeks following decertification of a collective in *Wright v. Waste Pro USA, Inc., et al.*, No. 0:19-cv-62051, Doc. 291 (S.D. Fla. Jan. 11, 2022). In this case, Plaintiff had an initial deadline to answer this Court's standard interrogatories on April 12, 2022. [Doc.11.] As recently noted by Magistrate Judge Irick in another case, "[t]he Court's

---

[1] The Motion for Dismissal is joined with a response to this Court's Order to Show Cause. [Doc. 19.]

standard interrogatories are simple, short, straightforward and are required in every FLSA case. Plaintiff's counsel should have been aware of this requirement prior to filing this – and all the other – actions stemming from the decertified action." *Williams v. Waste Pro of Florida, Inc.*, Case No. 6:22-cv-340-RBD-DCI, Doc.19 (M.D. Fla. March 29, 2022).

At the eleventh hour before the deadline set forth in the Scheduling Order, counsel for Plaintiff filed an unopposed motion for enlargement of time to file the answers to the court interrogatories ("Motion to Extend"), which was granted. [Doc. 17.] Importantly, counsel for Plaintiff advised that he "needs time to have Plaintiff *finalize and execute* his Court Interrogatories." [Doc. 17, ¶ 2 (emphasis added).] The dubious nature of the statement that the interrogatories required only finalization and execution is obvious when counsel for Plaintiff later details in the Motion for Dismissal that his firm had not had a single communication with Plaintiff about his answers. [Doc. 20, ¶¶ 7-10.][2]

Counsel for Plaintiff also represented "that if [Plaintiff] does not respond to Plaintiff's Counsel this week, Plaintiff's Counsel will have no alternative but to dismiss this matter without prejudice." [Doc. 17, ¶ 2.] Despite this representation, nothing was filed following the April 15, 2022, extended deadline.

A week after counsel for Plaintiff said he would be dismissing the action, this Court entered its Order dated April 22, 2022, directing Plaintiff to show cause why

---

[2] Counsel for Plaintiff does not explain why it toll his firm 24 days to reach out to his client for the first time about the interrogatories.

2

sanctions, including dismissal, should not be imposed for the failure to answer the Court's Interrogatories (the "Show Cause Order"). [Doc. 19.] Plaintiff thereafter filed the Motion for Dismissal under Rule 41(a)(2), commingled with his response to the Show Cause Order. [Doc. 20.] This Response to the Motion for Dismissal follows.

II. **MEMORANDUM OF LAW**

    A. **Any Dismissal of This Action without Prejudice Should be Conditioned.**

In the Scheduling Order, entered pursuant to Rule 16, this Court indicated that "[f]ailure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings." [Doc. 11, ¶ 9.] Plaintiff's Motion for Dismissal is brought under Rule 41(a)(2), which provides this Court with the discretion to dismiss actions "on terms that [this Court] determines proper." Under the circumstances of this case, dismissal without prejudice with the condition that Plaintiff pay the attorney's fees incurred by Defendant before refiling is appropriate. *See*, Fed. R. Civ. P. 41(d).

This Court has inherent authority to manage its own docket "so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir.2009) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). Defendant acknowledges that willful conduct on the part of Plaintiff is needed to justify a dismissal with prejudice. [Doc. 20, pp. 3-4.] However, the Motion for Dismissal itself establishes Plaintiff's deliberate choice to ignore his counsel's multiple attempts to reach him about an expected deadline,

3

which was extended. [*Id.* at ¶¶ 7-10.]

Plaintiff's claim was essentially abandoned by him from the get-go. All the while, Defendant was doing as it was required by answering the Complaint (Doc. 16), filing the requisite notices and certificates (Doc. 9, 12 and 13), and producing Plaintiff's payroll records pursuant to the Scheduling Order.

Defendant recognizes that dismissal with prejudice is an exacting result, even though Plaintiff was already given a dismissal without prejudice when the *Wright* action was decertified. Indeed, the *Wright* court went so far as to toll the statute of limitations in the event Plaintiff refiled his claim. *Wright*, No. 0:19-cv-62051, Doc. 291. Plaintiff, haven taken advantage of that opportunity (and the additional tolling that occurred by virtue of filing this action), willfully chose to abandon his claim and not communicate with his attorney. A second dismissal without prejudice seems less than just in this case.

Defendant concedes that the two dismissal rule set forth in Rule 41(a)(1)(B) is not implicated. The decertification of the *Wright* collective was not a dismissal by Plaintiff, which is required for the two dismissal rule to apply. *See, ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999). However, the Eleventh Circuit has noted that trial courts have the sound discretion to determine what is fair and reasonable. *Id*. A conditional dismissal without prejudice is fair and reasonable when Defendant has been forced to litigate a case against Plaintiff who had no interest in obeying the Scheduling Order or prosecuting his claim.

This is not an instance wherein the conduct of Plaintiff's counsel put Plaintiff in the place where he finds himself. If that was the case, the sole sanction of a second dismissal without prejudice may seem more appropriate so as to not punish Plaintiff for the acts of his counsel. Plaintiff himself, with the assistance of competent counsel who repeatedly reached out to him, made the affirmative choice to not prosecute this claim and disobey the Scheduling Order.

Plaintiff has failed to follow up with his counsel for at least a month, if he ever even had contact with him in the first place, ultimately failing to prosecute his claim. Under these circumstances, Defendant requests the dismissal without prejudice be conditioned. Specifically, Defendant requests that Plaintiff be required to pay Defendant's reasonable attorneys' fees incurred in defending this action as a condition of refiling his claim. Fed. R. Civ. P. 41(d). Such a sanction will strike a balance between the exacting result of a dismissal with prejudice and the recognition of the gravity of filing a lawsuit only to ignore how this Court has decided to manage it.

**B.     Alternatively, An Award of Attorney's Fees for Preparing this Response is Warranted.**

As an alternative sanction to dismissal with condition that Defendant's fees in defending this action be paid before Plaintiff refiles this claim, this Court can order Plaintiff and/or his counsel pay Defendant its attorney's fees and costs for preparing this Response. Federal Rule of Civil Procedure 16(f)(2) provides the Court with the power to sanction an offending party and award reasonable expenses to the moving party. Rule 16(f)(2) provides:

5

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2).

Plaintiff did not comply with the FLSA Order and only sought dismissal after this Court's resources were expended issuing the Show Cause Order. Worse yet, his counsel represented in the Motion to Extend that the Plaintiff merely needed to finalize and execute his answers, even though there had been no communication whatsoever with Plaintiff about the substance of the answers. Counsel for Plaintiff made this representation having a full understanding of the strict deadlines in FLSA cases in this District.

Had opposing counsel not shaded the truth by representing the answers only needed to be finalized and executed by Plaintiff, this Response may have never been required. There is no substantial justification for that statement in opposing counsel's attempt to delay a deadline from the Scheduling Order for a client who had no desire to prosecute his claim.

It was also represented by counsel for Plaintiff that the case would be dismissed if counsel did not hear from Plaintiff by the extended deadline of April 15, 2022. Despite this representation, the Motion for Dismissal came only after this Court's Show Cause Order. Had counsel for Plaintiff proceeded as he represented, as compared to continue to delay the inevitable, this Response would have been unnecessary.

This Court has the discretion to determine the terms that are proper for the dismissal. Fed. R. Civ. P. 41(a)(2). Under these circumstances, an award to Defendant of its attorney's fees for filing the instant Response is a fair alternative sanction against Plaintiff and/or his counsel.

### III.  CONCLUSION

The Court should dismiss this case without prejudice on the condition that Plaintiff pay Defendant's reasonable attorney's fees from this action as a condition to refiling any action stemming from this claim.  Alternatively, Plaintiff and/or his counsel, should be required to pay the reasonable attorney's fees for this Response, which could have been avoided had counsel for Plaintiff been candid as to the lack of communication from his client and his intent to dismiss the case if he did not hear from his client by April 15, 2022.

WHEREFORE, Defendant, WASTE PRO OF FLORIDA, INC., respectfully requests this Court enter an Order dismissing this action without prejudice on the condition that Plaintiff pay Defendant's reasonable attorneys' fees from his action before refiling this claim or, alternatively, sanctioning Plaintiff and/or his counsel by awarding Defendant its attorney's fees for the preparation of this Response.

STOVASH, CASE & TINGLEY, P. A.
By: /s/ Amy S. Tingley
Amy S. Tingley, Esquire
Florida Bar No. 0068871
atingley@sctlaw.com
Matthew J. Pearce, Esquire
Florida Bar No. 0108368
mpearce@sctlaw.com
Shruti V. Kadam, Esquire

7

                                              Florida Bar No. 1028126
                                              skadam@sctlaw.com
                                              The VUE at Lake Eola
                                              220 N. Rosalind Avenue
                                              Orlando, Florida 32801
                                              Telephone: (407) 316-0393
                                              *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of May, 2022, I caused a true and correct copy of the foregoing to be served by CM/ECF on all parties listed to receive electronic service for this case.

                                              */s/ Amy S. Tingley*
                                              Amy S. Tingley