UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**Llukan Preni,**

                Plaintiff,

v.

**WASTE PRO OF FLORIDA, INC.,**

                Defendant.

**CASE NO. 6:22-v-00299-GAP-DCI**

### PLAINTIFF'S RESPONSE TO MAY 11, 2022 ORDER TO SHOW CAUSE

Plaintiff, Llukan Preni, by and through undersigned counsel, hereby files this Response to this Court's May 11, 2022 Order to Show Cause [D.E. 23], and in support thereof states as follows:

### BACKGROUND AND PROCEDURAL POSTURE

Pursuant to the Scheduling Order Plaintiff was to submit answers to the Court's Interrogatories on April 12, 2022. [D.E. 11 at ¶ 2]. After Plaintiff's Counsel was unable to obtain contact with Plaintiff, Plaintiff sought an enlargement of time to respond to the Court's Interrogatories. [D.E. 17]. Regrettably, Plaintiff's Counsel was unable to make contact with Plaintiff in order to comply with this Court's deadline. Therefore, Plaintiff did not timely provided answers to the Court's Interrogatories.

1

On April 22, 2022, this Court entered an Order to Show Cause regarding Plaintiff's failure to provide answers to this Court's Interrogatories. [D.E. 19]. On May 6, 2022, Plaintiff filed his Response to the Order to Show Cause explaining that the failure to provide responses was due to Plaintiff's Counsel's inability to obtain contact with Plaintiff and requesting that the case be dismissed *without prejudice*. [D.E. 21]. Plaintiff simultaneously filed a Motion for Dismiss Without Prejudice. [D.E. 20]. On May 10, 2022, Defendant filed a Response to Plaintiff's Motion to Dismiss Without Prejudice arguing that should this Court grant Plaintiff's request for dismissal without prejudice it should be conditioned upon payment of Defendant's fees and costs incurred in responding to this lawsuit. [D.E. 22]. On May 11, 2022, this Court filed an Order to Show Cause requesting that Plaintiff file a written response to Defendant's request. [D.E. 23].

Plaintiff opposes Defendant's request that dismissal be conditioned upon payment of Defendant's attorneys' fees and costs. As explained more fully below, conditioning dismissal on the award of expenses to Defendant is entirely improper here where litigation is in its infancy and Defendant has not been put through considerable expenses in preparing for trial.

## MEMORANDUM OF LAW

With regard to whether dismissal should be conditioned upon the award of expenses, the Eleventh Circuit has said, "[a] plaintiff ordinarily will not be

permitted to dismiss an action without prejudice under Rule 41(a)(2) **after the defendant has been put to considerable expense in preparing for trial**, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation. *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986*)* (emphasis added) (citations omitted) (collecting authorities). For example, in *Perez v. MONY Life Ins. Co.*, No. 8:18-CV-2123-T-JSS, 2019 WL 5394167, at *3 (M.D. Fla. June 20, 2019), this Court granted Plaintiff's request for dismissal without prejudice and refused to impose any conditions or costs upon Plaintiff where the case was in its infancy – albeit in a more advanced procedural posture to the instant matter. Specifically, the defendant had answered the complaint, the parties filed a Case Management Report, and the Court conducted a preliminary pretrial conference. *Id.* at *1; *see also Peterson v. Comenity Cap. Bank*, No. 614CV614ORL41TBS, 2016 WL 3675457, at *2 (M.D. Fla. May 3, 2016) (refusing to condition plaintiff's request for dismissal without prejudice on payment of defendant's attorneys' fees and costs where there had been "limited motions practice, and no discovery ha[d] taken place"); *cf Boydston v. Home Depot USA, Inc.*, No. 616CV1211ORL40KRS, 2017 WL 3394235, at *2 (M.D. Fla. Aug. 8, 2017) (imposing conditions on dismissal without prejudice where the defendant had engaged in significant discovery including five depositions and retained an expert).

In a recent case nearly identical to the instant matter, *Demetric Peterson v. Waste Pro of Florida, Inc.*, No.: 4:22-cv-RH-MAF (N.D. Fla. May 6, 2022) (D.E. 11, Order of Dsimissal without Prejudice or Condition) – District Judge Robert Hinkle issued an Order rejecting Waste Pro's request to dismiss the plaintiff's case with prejudice or on the condition that the plaintiff pay the defendant's attorneys' fees and costs if the plaintiff refiles the action. Judge Hinkle held that three factors cut against conditioning dismissal on the payment of costs: (1) Waste Pro was not put to considerable expense given the early posture of the case; (2) if the plaintiff refiles the case, any work Waste Pro had done would likely be useful in defending the new case; and (3) dismissal without conditions is in everyone's interest – a plaintiff should not have to soldier on pursuing their case just to avoid an award of attorneys' fees.

The same facts and circumstances in *Peterson* are present here. As such, Plaintiff requests the same relief. Here the case is in its infancy, and other than a production of documents under the FLA Scheduling Order, and answering the Complaint, no substantive work has been performed by either party.  As such, there has been no prejudice to Defendant, nor can Defendant show that any prejudice has occurred.

Dismissal without prejudice and without additional conditions is warranted in this matter as Defendant has not suffered any prejudice by the action so far, and the proposed dismissal of this action.

WHEREFORE, Plaintiff respectfully requests this Court dismiss this case *without* prejudice and *without* the impostion of conditions.

Respectfully submitted by:

**MORGAN & MORGAN, P.A**.

*C. Ryan Morgan, Esq.*
FBN 0015527
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:   (407) 245-3401
Email:         rmorgan@forthepeople.com

**Paul M. Botros, Esq**.
FBN 0063365
8151 Peters Road
Suite 4000
Plantation, FL 33324
Telephone:  (954) 327-5352
Facsimile:   (954) 327-3017
Email:         pbotros@forthepeople.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of May, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which I understand will serve a copy on all counsel of record. I also served a copy of this

motion on Plaintiff at his last known address: Llukan Preni, 1632 Stafford Drive, Orlando, FL 32801.

                                                                            */s/ C. Ryan Morgan*  
                                                                            C. Ryan Morgan, Esq.