# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LLUKAN PRENI,**

      **Plaintiff,**

v.                                                                      Case No: 6:22-cv-299-GAP-DCI

**WASTE PRO OF FLORIDA, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion to Dismiss (Doc. 20)
>
> **FILED:** April 27, 2022
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. Background

On February 9, 2022, Plaintiff initiated this case against Defendant under the Fair Labor Standards Act (the FLSA), 29 U.S.C. § 255, to recover compensation after a collective action Plaintiff opted into was decertified. Doc. 1. The Court entered the FLSA Scheduling Order and Defendant filed its Answer and Affirmative Defenses. Docs. 11, 16. By Order dated April 22, 2022, the Court directed Plaintiff to show cause why sanctions should not be imposed for failure to file answers to the Court's interrogatories. Doc. 19.

Pending before the Court is Plaintiff's Motion for Dismissal Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), and Response to Order to Show Cause. Doc. 20 (the

Motion). Plaintiff also filed a separate Response to the Order to Show Cause. Doc. 21. Defendant filed a Response to the Motion to Dismiss (Doc. 22) (the Response), and the Court again directed Plaintiff to show cause why dismissal without prejudice should not be conditioned upon payment of Defendant's costs and fees incurred in responding to this lawsuit. Doc. 23. Plaintiff filed a Response to the Order to Show Cause and the Court referred the Motion to Dismiss and the related filings to the undersigned. Docs. 24, 25.

The matter is ripe for review and for the reasons stated in this report, the undersigned recommends that the case be dismissed without prejudice and without any requirement concerning a condition of payment.

## II. Discussion

According to the Motion, while the Court granted Plaintiff's motion for enlargement of time extending the deadline to respond to the Court's interrogatories, Plaintiff's counsel was unable to contact Plaintiff to comply within the allotted time. Doc. 20 at 1-2. The Motion also represents that Plaintiff's counsel has been "unable to obtain contact with Plaintiff" as of the filing of the Motion. *Id*. at 2. Plaintiff's counsel sets forth the dates and manner upon which contact was attempted. *Id*. In the responses to the Orders to Show Cause, Plaintiff's counsel explains that the reason for Plaintiff's lack of contact is currently unknown. Docs. 20, 21.

Plaintiff, through counsel, now seeks to dismiss the case without prejudice pursuant to Rule 41(a)(2). Rule 41(a)(2) permits a plaintiff to voluntarily dismiss an action without prejudice only "by court order, on terms that the court considers proper." The dismissal is without prejudice unless otherwise specified in the order of dismissal. *Id*. A district court has broad discretion when considering a Rule 41(a)(2) motion for voluntary dismissal. *See In re Bayshore Ford Trucks Sales,*

*Inc.*, 471 F.3d 1233, 1259 (11th Cir. 2006) ("The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court.").

The Motion provides that Defendant does not oppose dismissal but maintains that it should be with prejudice rather than without prejudice. Doc. 20 at 3. Accordingly, Plaintiff spends much of the Motion attempting to convince the Court that dismissal should be without prejudice. *See* Doc. 20. In turn, Defendant's Response discusses at length why dismissal with prejudice is appropriate but ultimately requests that dismissal be without prejudice *but* conditioned. Doc. 22 at 7. In light of Defendant's Response, the only contested issue before the Court is whether the dismissal without prejudice should be conditioned on payment under Rule 41(d)(1). But to be clear, the undersigned agrees with the parties that dismissal of the action should be without prejudice.[1]

In any event, while Rule 41(a)(2) allows a plaintiff to dismiss an action voluntarily once the plaintiff receives approval of the district court, "[t]he rule also permits the court to attach certain conditions to its order." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 861 (11th Cir. 2000). "[T]he 'authority to attach conditions to the order of dismissal "prevents defendants from being unfairly affected" thereby.'" *Trujillo v. Banco Central Del Ecuador*, 379 F.3d 1298, 1301 (11th Cir. 2004)(citations omitted). "Such conditions may include requiring the plaintiff to pay defendant a certain sum of money in costs, expenses and reasonable attorney's fees, creating an enforceable judgment on which a defendant can execute. . ., or conditioning the

---

[1] It appears that the Court has already reached the same conclusion. In the Court's May 11, 2022 Order, the Court recognized that Defendant did not believe that dismissal with prejudice was appropriate and directed Plaintiff to show cause why dismissal *without* prejudice should not be conditioned upon payment. Doc. 23 (emphasis added).

dismissal on the payment of costs to the defendant should the plaintiff later re-file." *Engle v. Celadon Group, Inc.*, 2017 WL 6387780 at *2 (M.D. Fla. Dec. 14, 2017) (citations omitted).

With respect to the latter condition, pursuant to Rule 41(d)(1), if a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may order the plaintiff to pay all or part of the costs of that previous action. At first blush, there does not appear to be a reason to condition a payment for any refiling because Plaintiff's statute of limitations has arguably run. The litigation on Plaintiff's claims began years ago as a collective action and Plaintiff's individual Complaint in the instant case asserts that that "[o]n information and belief Plaintiff was compensated on a job/day rate determined by the number of hour [sic] worked in a day until the practice was phased out by Defendants in or around the end of July 2017." Doc. 1 at 8. As such, assuming the three-year statute of limitations applies under the FLSA, any future lawsuit seems to be barred as untimely.

With respect to the decertified litigation, the undersigned adds that even taking into consideration that the United States District Court for the Southern District of Florida tolled the statute of limitations for 21 days following the issuance of the order dismissing the opt-in plaintiffs, *Wright v. Waste Pro, Inc. et al.*, No. 0:19-cv-62051-KMM (S.D. Fla. Jan. 11, 2022) (Doc. 291), and Plaintiff filed the instant action 29 days later on February 9, 2022 (Doc. 1), it appears that the statute limitations has run. Indeed, Defendant's First Affirmative Defense is that some or all of Plaintiff's claims are barred by the applicable statute of limitations. Doc. 16.

But assuming the statute of limitations has not passed, or the application of tolling preserves the claim—Plaintiff requests an order equitably tolling his claims because of the collective action (Doc. 1 at 13)—the undersigned still finds that the condition is not warranted. Namely, the undersigned agrees with Plaintiff that the instant case was only filed approximately

five months ago.  The FLSA Scheduling Order was recently entered in March, and there has not been a significant motions practice in this action.  In other words, the case is in its infancy and there is no showing that Defendant has suffered a considerable expense that is directly related to this matter.  *See*, *Engle*, 2017 WL 6387780 at *2 (granting voluntary dismissal where case remained in its "early stages," defendant had "not expended considerable effort or resources, financial or otherwise, in defending this case," and no dispositive motions had been filed).

Also, the undersigned notes that a number of individual cases against Defendant were filed after the decertification, and at least one was dismissed without prejudice for failure to prosecute after the Plaintiff did not file the answer to interrogatories within the extended deadline.  *Mendez v. Waste Pro of Fla., Inc.*, No. 6:22-cv-260-GAP-DCI.  Notably, in response to an order to show cause, the plaintiff's counsel stated that he was unable to "obtain contact with Plaintiff" and was "unaware as to why Plaintiff has not been able to respond to Plaintiff's firm's efforts to contact him as Plaintiff had previously been responsive in the prior litigation and in wanting to initially pursue this matter." *Id*. at Doc. 19.  The dismissal of that case without prejudice was not conditioned upon payment if a refiling occurs. *See id*. at Doc. 21.  While a motion to dismiss was filed in the instant case along with the response to the order to show cause, the undersigned sees no reason why the two cases should be treated differently.

Further, it appears that Defendant seeks the attached condition of payment, in part, because "Plaintiff's claim was essentially abandoned by him from the get-go" and Plaintiff's counsel "shaded the truth" regarding his communication with his client. Doc. 22 at 4, 6.  Defendant refers to Plaintiff's counsel's representation that he "need[ed] time to have Plaintiff finalize and execute his Court Interrogatories," even though there had been no communication whatsoever with Plaintiff regarding the substance of the answers.  *Id*. at 2, 6.  Defendant also argues that Plaintiff,

- 5 -

through counsel, should have moved for dismissal when counsel did not hear from Plaintiff by the extended deadline rendering the Response unnecessary. *Id*. at 6.

While Plaintiff's counsel may have been clearer about the nature of the lack of communication with his client or filed the request for dismissal at an earlier date, Plaintiff's counsel states that there is no willful misconduct, and it may be that Plaintiff moved or changed his phone number and inadvertently failed to inform counsel. Doc. 21 at 3, 5. Counsel assures the Court that Plaintiff was responsive in the previous litigation and in wanting to pursue the matter. *Id*. at 3. Based on the foregoing, the undersigned recommends that the Court should not place a conditional payment as an obstacle if Plaintiff decides to pursue his claims in the future.

Finally, if Plaintiff refiles the case and it is not barred by the statute of limitations, any work Defendant has done will likely be used in defending against the new case. As such, to the extent that Defendant has put forth significant effort to prosecute this matter in the early stages of litigation, the expense will not be entirely lost if Plaintiff pursues the claim in another action.

### III.    Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that:

1. the Court **GRANT** Plaintiff's Motion to Dismiss (Doc. 20);
2. the voluntary dismissal of the action not be conditioned on the payment of Defendant's fees and costs should Plaintiff file a new action based on or including the same claims asserted in this action;
3. the case be **DISMISSED without prejudice**; and
4. the Clerk of Court be directed to close the case.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on July 12, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy